## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | CASE NO. 1:22-cr-675 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| CODY KARSIKAS, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant Cody Karsikas's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion to Vacate") (ECF No. 26). The government filed its opposition (ECF No. 27) and Karsikas did not reply. For the reasons set forth below, the Motion to Vacate is **DISMISSED** as untimely.

## I.    BACKGROUND

On November 30, 2022, a federal grand jury issued an indictment charging Karsikas with one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). Karsikas, with the assistance of counsel, entered a guilty plea to the single charge in the indictment on February 13, 2023. (Minutes of Proceedings [non-document] dated Feb. 13, 2023). On June 7, 2023, the Court sentenced Karsikas to a 50-month term of imprisonment followed by 3 years of supervised release. (ECF No. 24; Minutes of Proceedings [non-document] dated June 7, 2023). Karsikas did not file a direct appeal.

On November 13, 2024, Karsikas filed the Motion to Vacate. (ECF No. 26). Karsikas requests that the Court vacate, dismiss, or correct his sentence and he raises a single ground for relief: his conviction for felon in possession under 18 U.S.C. § 922(g)(1) was unconstitutional in

1

light of the Supreme Court's decision in *Bruen*.[1]  (*Id.* at PageID #116–17).  On December 2, 2024, the government moved to dismiss the Motion to Vacate as untimely.  (ECF No. 27).

## II.     LEGAL STANDARD

Section 2255 provides a means by which a prisoner in federal custody may challenge his conviction or sentence on the ground that it was imposed in violation of the Constitution or laws of the United States.   A federal prisoner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate one of four authorized grounds for relief: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).   "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A defendant/petitioner must also demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).   "A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence."  *McNeil v. United States*, 72 F. Supp. 2d 801, 804 (N.D. Ohio 1999) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

## III.    DISCUSSION

The Government first argues that the Motion to Vacate should be dismissed as time-barred. (ECF No. 27, PageID #122–24).  Alternatively, the government argues that the Motion to Vacate

---

[1] *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022).

is meritless because 18 U.S.C. § 922(g)(1) is both constitutional on its face and as applied to Karsikas.  (*Id.* at PageID #124–28).

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run 'from the latest of' four possible dates."  *Rodriguez Benitez v. United States*, 521 F.3d 625, 629 (6th Cir. 2008); *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012).  The four dates are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court finds that the latest of the four dates here is the date on which Karsikas's judgment of conviction became final.  First, Karsikas's Motion to Vacate does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence.  Second, even if the Court assumes that *Bruen* set forth a retroactively applicable new right upon which Karsikas could challenge his § 922(g)(1) conviction,[2] the Supreme Court issued the decision in *Bruen* on June 23, 2022, and the judgment of conviction became final at a later date: June 26, 2023.

The Court entered the judgment of conviction on June 12, 2023.  (ECF No. 24).  Karsikas did not appeal his conviction or sentence.  Thus, the conviction became final, and the one-year

---

[2] A proposition that the Sixth Circuit has rejected.  *See Taylor v. United States*, No. 23-5982, 2024 U.S. App. LEXIS 17048, at *3 (6th Cir. July 11, 2024) ("But the Supreme Court has not made *Bruen* retroactive to cases on collateral review.")

statute of limitations began to run, after the expiration of the 14-day period to appeal on June 26, 2023.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that a judgment of conviction becomes final when the time of a direct appeal expires and no appeal has been filed); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a direct appeal in a criminal case *must* be filed within 14 days of the entry of judgment).  As a result, Karsikas was required to file his § 2255 motion to vacate by June 26, 2024.  But he filed the Motion to Vacate on November 13, 2024, more than four months after the one-year statute of limitations lapsed.[3]  (ECF No. 26).  Thus, the Motion to Vacate is untimely.

Nor has Karsikas established that he is entitled to equitable tolling of the statute of limitations.  "The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling."  *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012)); *see also Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (explaining that the AEDPA statute of limitations may be equitably tolled "in appropriate cases").  A defendant may be entitled to equitable tolling if he establishes both of the following: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649.  Defendant bears the burden of establishing the grounds for equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

---

[3] Although the Motion to Vacate was postmarked November 8, 2024, Karsikas does not receive the benefit of the prison mailbox rule because he did not provide sufficient documentation (sworn declaration or notarized statement) to establish the date on which the motion was provided to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a *pro se* prisoner's pleading is considered "filed" when it is given to a prison official for mailing); Rule 3(d), Rules Governing Section 2255 Proceedings in the United States District Courts (providing that a document filed by a *pro se* prisoner "is timely if it is deposited in the institution's internal mail system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.").  Even if the postmark date is used, the Motion to Vacate would still be time-barred by the one-year statute of limitations.

4

Despite this burden, Karsikas has provided no reason or explanation for why equitable tolling should be applied here.  The Motion to Vacate does not address the statute of limitations and Karsikas did not reply to the government's arguments that the Motion to Vacate is time-barred.  Karsikas has provided nothing to establish that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing a § 2255 motion.

Karsikas has also failed to establish that equitable tolling is warranted "based on a credible showing of actual innocence."  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  "A credible claim of actual innocence may overcome the AEDPA's one-year limitations period, but that requires the petitioner to show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find her guilty beyond a reasonable doubt.'"  *Ayers v. Ohio Dep't of Rehab. & Corr.*, No. 23-3735, 2024 U.S. App. LEXIS 3677, *6 (6th Cir. Feb. 15, 2024) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013)) (alteration adopted).  First and foremost, Karsikas has not asserted a claim of actual innocence.  Second, to the extent that Karsikas might assert that he is "actually innocent" of his conviction under § 922(g)(1) based on *Bruen*, such an argument is unavailing.  "[A]ctual innocence means factual innocence, not mere legal insufficiency."  *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)) (internal quotation marks omitted).  A claim that § 922(g)(1) was subsequently rendered unconstitutional solely attacks the legal sufficiency of the conviction rather than establish factual innocence.  Other courts have rejected similar arguments when a petitioner has invoked *Bruen* to collaterally challenge his/her conviction under 922(g)(1).  *See, e.g.*, *United States v. Lownsbury*, No. 5:22-cr-41, 2024 U.S. Dist. LEXIS 170706, at *9 (N.D. Ohio Sep. 23, 2024); *United States v. Watkins*, No. 1:22-cr-136, 2024 U.S. Dist. LEXIS 104082, at *7–8 (N.D. Ohio June 12, 2024); *United States v. Smith*, No. 5:16-

cr-00100-KKC-EBA-1, 2024 U.S. Dist. LEXIS 173632, at *6–7 (E.D. Ky. June 4, 2024); *Price v. United States*, No. CR418-198, 2024 U.S. Dist. LEXIS 83224, at *4 n.3 (S.D. Ga. Apr. 8, 2024) (collecting cases and expressing doubts that a claim of actual innocence can be premised on a claim that a statute has been subsequently rendered unconstitutional).

Accordingly, the Court finds that Karsikas has not established he is entitled to equitable tolling of the statute of limitations.  Because the Motion to Vacate was filed after the one-year statute of limitations passed, the Court **DISMISSES** the Motion to Vacate as time-barred under 28 U.S.C. § 2255(f).[4]

## IV.    CONCLUSION

For the foregoing reasons, the government's motion to dismiss (ECF No. 27) is **GRANTED** and Karsikas's Motion to Vacate (ECF No. 26) is **DISMISSED** as untimely.  The Court also finds that "reasonable jurists" would not debate the dismissal of the Motion to Vacate and therefore **CERTIFIES** that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

---

[4] Although not raised by the government, the Court alternatively finds that the Motion to Vacate should be dismissed as procedurally defaulted.  "It is well-established that a § 2255 motion 'is not a substitute for a direct appeal.'"  *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)).  The Sixth Circuit has consistently held that issues not raised on direct appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (citing *Bousley*, 523 U.S. at 622); *see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).  Karsikas did not file a direct appeal of his conviction and he has not argued or otherwise established good cause to excuse the procedural default.  *Bruen* was decided nearly a year before Karsikas was adjudicated guilty based on his plea of guilty.  Despite the ruling in *Bruen*, Karsikas did not challenge the constitutionality of the 922(g)(1) charge in the indictment during criminal proceedings, nor did he file a direct appeal challenging his conviction under 922(g)(1).  Karsikas has also not asserted a claim of actual innocence that would excuse the procedural default.  Regardless, for the same reasons discussed previously, he could not establish a claim of actual innocence based on a challenge to his conviction under *Bruen*.

**IT IS SO ORDERED.**

Dated: December 27, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**